## STATE v BUTLER

Juvenile Court, Tuscarawas County.

Decided April 8, 1943.

Ralph Finley, Pros. Atty., New Philadelphia, and Vernon Lee, Asst. Pros. Atty., New Philadelphia, for the State.

Bowers, Stafford and Bowers, New Philadelphia, for the defendant.

### OPINION

By LAMNECK, J.

This case comes before this Court on an affidavit filed by John McIntosh, Sheriff of Tuscarawas County, Ohio, in which he alleges that the defendant did act in a way tending to cause the delinquency of one Dick Butler, a minor aged fifteen years, by permitting him to serve intoxicating beverages in her place of business, and by further permitting him to loiter in her place of business where intoxicating beverages were being sold. The offense is alleged to have occurred on or about March 17, 1943.

Section 1639-45 GC provides that anyone "who acts in a way tending to cause delinquency'" of a child shall be punished as therein provided.

It appears from the evidence submitted in this case that on the night of March 17, 1943, Jack McKinney, aged fifteen years, Irwin Swinford, aged sixteen years, and Harold Humphrey, an adult, with possibly several others, arrived at the defendant's place of business about 11:30 P. M. At that time the defendant was absent and did not return until closing time around 12 o'clock. On the date in question, the defendant had no employed bartender and when she left to arrange for an automobile to take her to Cleveland the next day, one "Cooney'" Hammell, a customer who was in the place at the time, volunteered to remain by saying, "If you want to go, I will stay." According to the defendant's own testimony she then instructed her fifteen year old son, Dick, as follows: "Dick, I am going; you watch Cooney while I am gone."

While there is some conflict in the testimony relative to the occurrence alleged herein, the Court is convinced beyond a reasonable doubt that three glasses of whisky and two packages of chewing gum were purchased from the defendant's son at a total cost of $1.00; that this purchase was paid for by Irwin Swinford, aged sixteen, and that Swinford, Jack McKinney, aged fifteen, and Harold Humphrey, an adult, each consumed a glass of the whisky.

The defendant excuses herself in this action by stating that she always instructed her son never to wait on any customers. Such an instruction if made in good faith, with proper supervision of the son, would be a good defense to this action, because the furnishing of liquor in violation of law by an agent without authority and against the instruction of the principal absolves the principal from wrong doing. (**Harris v State, 1 Oh Ap 323.**) The actions of the defendant, however, are not consistent with such a contention.

The son was in the barroom when she left the premises; he remained there practically from then on until closing time; she instructed him to supervise the alleged bartender, and to see that he closed at twelve o'clock; and on other occasions she stationed him in the doorway of the barroom to notify the defendant when customers would come into the barroom.

In cases of misdemeanors all who aid, advise, or procure the commission of an offense though absent at the time of its commission, are principals. (**State v Munson, 25 Oh St 381.**)

Under the provisions of §1639-2 GC, a child is delinquent if it violates a state law. **Sec. 6064-22 GC** specifically provides in part that "no intoxicating liquor shall be sold to or handled by any person unless he shall have arrived at the age of twenty-one years." The fifteen year old child of the defendant in this case both sold and handled whisky involving two other minors under eighteen years of age, and such fact constitutes an act of delinquency.

**Section 13007-3 GC** provides in part that "no child shall be employed, permitted or suffered to work—in any hotel, theatre, concert hall, place of amusement ,or any other establishment where intoxicating liquors are sold."

The Court is convinced beyond a reasonable doubt that the in-

structions given by the defendant to her son when she left her place of business on the night of March 17, 1943, amounted to a direction to work in a place where intoxicating liquors are sold, in violation of §13007-3 GC, and the fact that the son violated this law as well as §6064-22 GC, makes the defendant responsible.

The Court believes that she should not have left her fifteen year old son in the barroom with strangers when she left her place of business, and that it was her duty to take him with her, or to provide for his care at some other place especially at such a late hour of the night.

The Court finds that her acts of commission and omission constitute acting in a way tending to cause delinquency, and a finding of guilty will therefore be entered.